WILLIAMS, J.,
dissents.
|,I am writing these additional comments in dissent because of my disagreement with the panel’s decision to proceed with the rehearing and to render an affir-mance after becoming aware that the state had failed to provide notice of its application for rehearing to the defendant’s counsel of record as required by the Uniform Rules of the Courts of Appeal.
All motions not made in open court and other pleadings filed in- a court of appeal shall be in writing. Unless the motion or pleading bears a certificate showing that a legible copy thereof has been delivered or mailed to opposing counsel of record and to each opposing party not represented by counsel, and showing the date of service thereof, it shall not be filed or docketed. URCA Rule 2-7.2. Legible copies of all papers filed in a court of appeal by any party shall, at or before the time of filing, be mailed to all other parties or counsel of record. URCA Rule 2-14.1. The fact of such service shall be evidenced by a certificate listing all parties and all counsel, indicating the parties each represents and showing how and when such service was accomplished. URCA Rule 2-14.2.
In the present case, the state filed an application for rehearing on May 8, 2012, with a certificate of service, signed by District Attorney James Paxton, stating that a copy of the application had been mailed to the defendant, with no mention of defendant’s counsel of record. The motion of attorneys Rachel Conner and Harry Daniels, III, to enroll as counsel for defendant was granted on June 14, 2010. Attorneys Conner and Daniels filed the motion for appeal and on. September 21, 2011, this court mailed the Notice of Lodging and Briefing Order to attorneys Conner and Daniels, | ¡¿noting that they were listed as counsel of record for defendant. This court’s notice of judgment was also mailed to attorneys Conner and Daniels. Significantly, the state filed an appellate brief on November 4, 2011, with a certificate of service stating that a copy of the brief had been mailed to “counsel of record, Rachel Conner .:. and H[arry] Daniels, III[.]”
Contrary to the district attorney’s assertion in his letter to this court, the defendant’s pro se filings do not excuse the state’s failure to mail a copy of its rehearing application to the defendant’s counsel of record, who as a consequence were not made aware of the state’s application until they received this court’s notice that rehearing had been granted. The state did not comply with URCA Rules 2-14.1 and 2-14.2. Consequently, the clerk of this court should not have accepted the state’s rehearing application for filing without the certificate of service required by URCA Rule 2-7.2. Once the pleading was filed, this court was confronted with the issue of the state’s failure to provide notice.
*35 Under the constitutions of the United States and Louisiana, notice and the opportunity to be heard are fundamental to due process of law. To serve the interest of fairness, the state was required to mail a copy of its rehearing application to this criminal defendant’s attorneys of record. Absent certification by the state that such notice was provided, this court should reverse the decision to grant the state’s application for rehearing and deny rehearing for failure to comply with the URCA requirements. In the alternative, because our clerk’s office accepted the state’s inadequate pleading contrary to URCA, this court should convene en banc to determine [sthe appropriate response to address the state’s serious omission, which is detrimental to the defendant’s right to fair notice.
CARAWAY, J., dissents for the reasons assigned in the initial opinion rendered on April 25, 2012.
WILLIAMS, J., dissents for the reasons assigned in the initial opinion rendered on April 25, 2012 and assigns additional reasons.